MATTHEWS v. CHARLESTON, &c., RAILWAY COMPANY.

1. RAILROAD TICKET—JOINT CONTRACTOR.—It seems that a railroad company cannot be called upon to answer for damages for failure to carry a passenger on a ticket issued by another company, in the absence of any allegation that the issuing company was a joint contractor, or had the right to issue such ticket.

2. IBID.—FLAG STATION.—A passenger cannot complain of a railroad company's refusal to put her off at a flag station short of the destination named in her ticket, although she had been previously permitted to get on and off at such station, there being no allegation that it was ever the custom of the company to so accommodate passengers.

Before HUDSON, J., Hampton, October, 1892.

Action by Sarah A. Matthews against the Charleston and Savannah Railway Company, commenced February 5, 1892.

*Mr. C. J. C. Hutson,* for appellant.

*Messrs. Z. A. Searson* and *A. M. Youmans,* contra.

March 16, 1893.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The question presented by
this appeal is whether the Circuit Judge erred in refusing the
motion to dismiss the complaint, upon the ground that it did
not state facts sufficient to constitute a cause of action.

The allegations of the complaint are substantially as follows:
"That on or about the 16th day of August, 1891, the plaintiff
was at Hampton, a station on the Port Royal and Augusta
Railway, from which tickets are sold to stations on the Charles-
ton and Savannah Railway, and bought a ticket to Hardeeville,
a station on the said Charleston and Savannah Railway, intend-
ing to get off said train at what is known as Ferebee's switch
or Mews' Crossing, a flag station on the said Charleston and
Savannah Railway, being informed that, under the rules of the
said road, persons desiring to get off at flag stations were re-
quired to pay fare to next station beyond, and at which flag
station, on previous occasions, plaintiff had taken the train
and gotten off same, paying as aforesaid—said station being
notoriously regarded and known as a flag station;" that when
plaintiff presented her said ticket to the conductor of the
Charleston and Savannah Railway, she informed him that she
desired to get off at the flag station, where she had boarded the
train when she left home, giving as her reason for wishing to
get off at the flag station, that her husband would meet her
there with a conveyance; that if he could not put her off at
the flag station, she begged him to return the money which she
had paid for passage between Ridgeland and Hardeeville; to
which the conductor replied, "that he would either carry her
to Hardeeville, or permit her to get off at Ridgeland, but could
not put her off at the flag station named, or return her money,
as she requested;" that "plaintiff, preferring Ridgeland to
Hardeeville, allowed herself put off there," from which point,
with much inconvenience and suffering, she made her way
home; "that by reason of the negligence and refusal of the
agents and servants of the said Charleston and Savannah Rail-
way Company to carry out the obligations of the said company,
guaranteed as public carriers to the patrons of said railway
company, and advertised by the past custom of said company,

this plaintiff has been damaged in the sum of two thousand dollars."

It seems to us that these allegations are not sufficient to constitute a cause of action against the defendant company. In the first place, there is no allegation that these two railway companies were joint contractors, nor is it alleged that the Port Royal and Augusta Railway Company had any authority to bind it by issuing the ticket to the plaintiff, purporting to guarantee her safe transportation over the line of the defendant company, or imposing any obligation of any kind upon such company, for the mere allegation that the plaintiff bought a through ticket to Hardeeville was not sufficient for that purpose. *Felder* v. *Railroad Company*, 21 S. C., 35.

But waiving this, inasmuch as the conductor of the defendant company seems to have recognized the ticket as entitling the plaintiff to transportation over the defendant's road as far as Hardeeville, it seems to us that there is another fatal defect in the allegations of the complaint. There is no allegation which even tends to show that the ticket which the plaintiff held entitled her to require the conductor to stop his train at the flag station, in order that plaintiff might get off the train at that point. Assuming that the Port Royal and Augusta Railway Company had a right to bind the defendant company by the ticket issued to the plaintiff, there is no pretence of any allegation that the contract embodied in that ticket was in any way violated by the defendant company. On the contrary, the complaint itself not only shows that the conductor, the agent of defendant, expressed his willingness to carry the plaintiff to Hardeeville, the point indicated as her destination, thus complying fully with the contract, but it also shows that it was only at the express instance and request of the plaintiff that she was put off, or rather allowed the opportunity of leaving the train, at Ridgeland, a point short of her destination as expressed in her ticket. There is not even any allegation that it was the custom of the defendant company to stop its trains at the flag station for the purpose of enabling persons holding tickets for points beyond to get off at that sta-

tion, for surely the allegation that plaintiff had, on some previous occasion, been allowed to get on and off the train at the flag station, did not amount to any allegation that it was the *custom* of the defendant so to do; and it is not alleged that there was anything in the ticket which she held, and which was the evidence of the contract under which she was being transported, that even indicated that she had a right to demand that the train should be stopped at the flag station to enable her to get off at that point.

It seems to us, therefore, that, as there was a total absence of any allegation of any breach of the contract under which she claimed the right to be transported, as well as of any allegation of any wrong done to the plaintiff, the complaint did not state facts sufficient to constitute a cause of action, and that the Circuit Judge erred in holding otherwise.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the complaint be dismissed.